UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                                Plaintiff

v.                                                                            Criminal Action No. 4:19-CR-20-RGJ

JESSIE JAMES GOBIN                                                                     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Jessie James Gobin ("Gobin") moves for compassionate release and sentence reduction under 18 U.S.C. 3582(c)(1)(A). [DE 49]. The United States responded, [DE 52, DE 53] and Gobin did not reply. The United States filed a sealed supplement with Gobin's Bureau of Prisons records. [DE 54]. This matter is ripe. For the reasons below, Gobin's motion [DE 49] is **DENIED**.

I.    BACKGROUND

On August 14, 2019, Gobin was indicted for felon in possession of a firearm and felon in possession of ammunition. [DE 1]. The United States obtained custody of Gobin by Writ from state custody from the Webster County Detention Center. [DE 9]. The Writ indicated that Gobin would be returned to state custody upon the conclusion of his federal case. [*Id*.] Gobin initially appeared in federal custody on the Writ September 26, 2019. [DE 13].

Gobin ultimately pleaded guilty to these charges. [DE 33]. On March 4, 2021, the Honorable Judge Joseph H. McKinley, Jr. sentenced Gobin to 70 months in prison for each count to be served concurrent followed by three years of supervised release. [DE 45]. The sentence was ordered to run concurrently with the anticipated Webster County case (19-CR-027). [*Id*.]  Gobin is approximately 52 years old and incarcerated at Gilmer FCI with a current estimated release date

1

of June 13, 2025. *See* Bureau of Prisons Inmate Locator website, https://www.bop.gov/inmateloc/ (last visited October 28, 2024).

## II. ANALYSIS

Gobin asserts two grounds for compassionate release and a reduction in sentence: (1) he alleges the Bureau of Prisons ("BOP") is unable to properly care for certain of his medical conditions, and (2) miscalculation of his sentence by BOP for failing to credit approximately nine months of time incarcerated.

### A. Exhaustion of Administrative Remedies.

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see generally United States v. Gobin*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024). The exhaustion requirement is mandatory, and the Court is bound to enforce it when it is properly invoked by the government. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020).

Gobin alleges that on April 15, 2024, he "requested 'compassionate release' from the warden of [his] facility . . . [t]hirty days have passed from the request to the filing of this motion." [DE49 at 236]. Gobin attached a document in support that appears to be an email to the Warden. [DE 49-1]. The United States disputes that Gobin has satisfied the exhaustion requirement. It submits an email from BOP stating that BOP and FCI Gilmer have no formal request from Gobin and that this likely because Gobin's email was not valid request because it did not comply with the administrative process for seeking such relief. [DE 52 at 245]. Based on all the information

presented, it appears that Gobin has not properly exhausted his administrative remedies. But even if administrative remedies had been exhausted, Gobin's motion would fail for the reasons below.

### B. Sixth Circuit *Jones* Analysis.

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.

"Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

As set forth by the Sixth Circuit, the decision regarding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step analysis. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i); *Ruffin*, 978 F.3d at 1004. First, a court must find whether extraordinary and compelling reasons warrant a sentence reduction or whether the defendant fulfills the

requirements of §3582(c)(1)(A)(ii). *Jones*, 980 F.3d 1098 at 1108 n.12. Second, a court must find whether a reduction is consistent with applicable Sentencing Commission policy statements. *Id.* Third, a court must consider any applicable Section 3553(a) factors. Based on this inquiry the Court determines whether, in its discretion, the reduction authorized is warranted in whole or in part under the circumstances of the case. *Id.* District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *United States v. Jackson*, No. 22-6097, 2023 WL 9023349, at *1 (6th Cir. Nov. 14, 2023) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

As to the third step, consideration of the § 3553(a) factors, the Court must "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005; *see Jones*, 980 F.3d at 1114.

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States, v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114; *Ruffin*, 978 F.3d at 1008-09); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of

an extraordinary and compelling reason for granting compassionate release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson,* 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004).

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

1. *Medical Conditions as Extraordinary and Compelling Justification for Compassionate Release and Consistency with Sentencing Policy Statements*

Gobin argues that the FCI Gilmer where he is incarcerated is not properly equipped to handle his medical condition. [DE 49 at 237]. Gobin specifically argues that FCI Gilmer medical services have advised him that he needs surgery to repair a broken pin in his leg but "was told he did not have enough time to serve for the BOP to schedule surgery," and that "BOP cannot prescribe the effective pain medications he requires to alleviate his constant pain . . ." [*Id*.]  The United States presents Gobin's medical records, which it asserts demonstrate he is receiving appropriate treatment for his condition. [DE 52 at 249; DE 54].

Congress has tasked the Sentencing Commission with defining "extraordinary and compelling." 28 U.S.C. § 994(t). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition. Specifically, 1B1.13 provides that extraordinary and compelling reasons exist if:

> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires longterm or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

Gobin's medical records indicate that he is receiving treatment for his pain, abnormal gait, and shortened leg, and that a broken screw and fracture were noted in x-ray readings. [DE 54-3]. The records note that an orthopedic would be consulted. [*Id.*] He is prescribed pain medication and "exercising regularly, no complaint," as of May 2024. [DE 54-3]. These records indicate that Gobin can participate in activities and is receiving treatment. In addition, Gobin does not provide medical records showing he request and was denied care. Courts routinely find that prisoners have failed to show an extraordinary and compelling reason for early release based upon inadequate medical care when the prisoner does not provide medical records showing that he requested and was denied necessary care. *See e.g., Elias*, 984 F.3d at 520 (holding district court could deny motion for compassionate release based upon failure to provide medical records); *United States v. Sexton*, No. 2:19-cr-192, 2021 U.S. Dist. LEXIS 7217, at *6 (S.D. Ohio Jan. 14, 2021) (denying motion for compassionate release when prisoner failed to provide the court with evidence "that he requested and was denied necessary care."); *United States v. Rodriguez-Campana*, 519 F. Supp. 3d 1159, 2021 WL 602607, at *4-5 (S.D. Fla. 2021) (denying motion for compassionate release for an inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems because he had failed to demonstrate that "any of his present ailments are terminal,

that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP").

Thus, for these reasons Gobin's arguments about treatment for his medical condition does not rise to the level of extraordinary and compelling reasons for Gobin's early release.

### 2. Section 3553(a) Factors

Next, Court must determine whether such relief is supported by the § 3553(a) factors. Section 3553(a)'s factors include:

> The nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.
> 18 U.S.C. § 3553(a)(1-2).

The Court reviewed the record as a whole and independently weighed the sentencing factors in § 3553(a).

Here, the § 3553(a) factors counsel against compassionate release. Gobin pointed a loaded AR-15 rifle at police and then hid in the woods where he was in possession of 453 rounds of ammunition. The nature of Gobin's crime coupled with his criminal history (Gobin was a criminal history category of V), [DE 39, Presentence Investigation Report ("PSR")], counsel against compassionate release. Gobin has failed to provide an extraordinary or compelling reason to adjust his original sentence. Releasing Gobin after serving only a portion of his sentence would minimize the seriousness of his crime, fail to afford adequate deterrence to criminal conduct, and would be unjust considering the serious nature of his crime.

### III. Motion for Jail Credit

Finally, Gobin argues the BOP is not appropriately applying jail credit. [DE 49]. The Bureau of Prisons has the sole authority to compute pre-disposition time service credits. 18 U.S.C.

§ 3585(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992). A post-conviction motion attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated or in a regional BOP office. *See* 28 U.S.C. §§ 2241, 2255.  Here, Gobin does not challenge the sentence itself, but request this Court calculate and require BOP to credit him with certain time. As such, Gobin may only seek such relief through a § 2241 habeas petition, and he may only file such petition in the federal court located in the district in which he is incarcerated, or where a regional BOP office is located.  *United States v. Powell*, No. 5:11-CR-75-JMH-1, 2019 WL 1521972, at *1 (E.D. Ky. Apr. 8, 2019). Gobin states in his motion that he has filed a separate § 2241 on this issue and that motion does not appear to be pending before this court.[1] And as with Gobin's request for compassionate release, Gobin must administratively exhaust his remedies with the BOP before proceeding to this court. *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992).  As analyzed above, it does not appear that Gobin has exhausted his administrative remedies and this court does not have a complete record explaining BOP's actions and reasoning such that this court would have a basis to review Gobin's request even if it did have jurisdiction to do so.

---

[1] Even if the court had jurisdiction to consider the request, it would fail. The Court consulted with the U.S. Probation office and the time Gobin spent in state and federal custody before he was delivered to the custody of BOP to begin serving his federal sentence was appropriately applied to his state sentence.  When a state prisoner is taken into federal custody on a Writ, as Gobin was in this case, he is "borrowed" from the state and the state retains primary custody. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. 2000); *Ramirez v. Withers*, No. CIV.A. 6:13-43-DCR, 2013 WL 2903278, at *4 (E.D. Ky. June 13, 2013). Here, Gobin's sentence of 70 months was ordered to run concurrent with the anticipated sentence in the Webster County case (19-CR-027) from which he was taken into federal custody on a Writ. [DE 45]. After his sentencing in this court, he was returned to Webster County under the Writ and sentenced to a term of imprisonment in state prison. [DE 52 at 245].  A review of the information provided by the U.S. Probation office demonstrates that this credit has been properly applied.

8

## IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Gobin's motion [DE 49] is **DENIED**.

October 31, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant, pro se

9